

## NUMBER 13-14-00438-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| ELOY GALVEZ JR. A/K/A ELOY GALVEZ, | Appellant, |
|---|---|

v.

| THE STATE OF TEXAS, | Appellee. |
|---|---|

### On appeal from the 103rd District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Eloy Galvez Jr. a/k/a Eloy Galvez, attempted to perfect an appeal from a conviction for aggravated sexual assault of a child. We dismiss the appeal for want of jurisdiction.

The trial court imposed sentence in this matter on January 16, 2014. Appellant filed a pro se notice of appeal on July 16, 2014. On August 4, 2014, the Clerk of this

Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.[1]  Appellant has not filed a response to the Court's notice.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.  Tex. R. App. P. 26.2(a)(1).  Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court.  *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  *See id.* 26.3.  Appellant's notice of appeal, filed six months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal.  *See Slaton*, 981 S.W.2d at 210.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address

---

[1] The trial court's certification of the defendant's right to appeal shows this "is a plea-bargain case, and the defendant has NO right of appeal."  *See* Tex. R. App. P. 25.2(a)(2).  On August 4, 2014, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.  Counsel has responded that he does not represent appellant on appeal.

2

the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 11th
day of September, 2014.

3